UNITED STATES (SINN v.). See Case No. 12,906.

## Case No. 16,294.

### UNITED STATES v. SIX BARRELS OF DISTILLED SPIRITS.

[5 Blatchf. 542; [2] 6 Int. Rev. Rec. 187; 15 Pittsb. Leg. J. 127.]

Circuit Court, E. D. New York. Nov. 25, 1867.

INTERNAL REVENUE — FORFEITURE OF DISTILLED SPIRITS—BURDEN OF PROOF.

Under the 45th section of the internal revenue act of July 13, 1866 (14 Stat. 163), which provides, that "all distilled spirits found elsewhere than in a bonded warehouse, not having been removed from such warehouse according to law, and the tax imposed by law on the same not having been paid, shall be forfeited; * * * and the burden of proof shall be upon the claimant of said spirits, to show that the requirements of law in regard to the same have been complied with." where rectified spirits are seized while in process of sale by a rectifier as free of tax, the burden of proof is on the claimant of such spirits to show that the tax on them has been paid.

[Cited in Boyd v. U. S., Case No. 1,749; Coffey v. U. S., 6 Sup. Ct. 435, 116 U. S. 433.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a libel of information, filed against certain distilled spirits as forfeited, under the 45th section of the internal revenue act of July 13, 1866 (14 Stat. 163), which provides, that "all distilled spirits found elsewhere than in a bonded warehouse, not having been removed from such warehouse according to law, and the tax imposed by law on the same not having been paid, shall be forfeited; * * * and the burden of proof shall be upon the claimant of said spirits, to show that the requirements of law in regard to the same have been complied with." The evidence, about which there was no controversy, showed, that the spirits in question were found elsewhere than in a bonded warehouse, being, at the time of seizure, in process of delivery by a rectifier in New York to a buyer in Brooklyn. The rectifier was called as a witness, and testified that the spirits were rectified by him; that he bought two barrels of raw spirits from a broker, which purported to have been distilled in Brooklyn and to have paid the tax; that he mingled with these two, four other barrels, which he had bought of other rectifiers as rectified spirits, and re-rectified the whole; and that he was selling the product at a price less than the cost of manufacture with the tax. No offer was made to show that the tax on any of the spirits had been paid, nor was any effort made to explain how any of it had been removed from the bonded warehouse. The barrels were all marked "Rectified," with the name and place of business of the rectifier, as required by section 26 of the act, and were marked "Inspected by F. A. Stevens, Government Inspector, May, 1867." At the trial, upon the close of the testimony, the court was asked to direct a verdict in favor of the claimant, upon two grounds—First, that no probable cause of seizure was shown by the government, other than the fact that the spirits were found elsewhere than in a bonded warehouse, and that, in the absence of other proof, the claimant was not called on to prove anything; second, that, assuming that the burden of proof was upon the claimant, he was entitled to judgment, having shown that the spirits, being rectified spirits, were marked and branded as required by sections 26 and 43. On the other hand, it was asked that a verdict be entered for the government, under the construction given to the 45th section by Mr. Justice Nelson, in the case of U. S. v. 508 Barrels of Distilled Spirits [Case No. 15,113], inasmuch as no evidence was offered to show that the spirits had been removed from the bonded warehouse according to law, upon payment of the tax.

Benjamin F. Tracy, U. S. Dist. Atty.

William H. Hollis, for claimant.

BENEDICT, District Judge. I consider the various propositions of law involved in this case to have been disposed of by the decision in the case of U. S. v. 508 Barrels of Distilled Spirits [Case No. 15,113]. Under the law, all distilled spirits must go into a bonded warehouse, whence they can be withdrawn only for certain purposes and in certain specified ways. They can be withdrawn for export, upon certain bonds; for transportation to another collection district, upon being duly gauged, inspected and marked, and a bond given for their transportation; for re-distillation or rectification, when they must be restored to the same warehouse from which they were taken; and, lastly, upon payment of the tax. The Case of the 508 Barrels was a case of spirits purporting to have been removed for transportation from Illinois to the Third district of New York, which were found in the Third district of New York; out of a bonded warehouse; and, on that evidence, it was held, that the burden was upon the claimant to show that the requirements of the law, to enable spirits to be removed from the bonded warehouse for transportation, had been complied with, and proof that the barrels had upon them brands purporting to be the inspector's brands, and the possession of a permit from the collector, were held insufficient. The present case is one of rectified spirits, found in the street, in process of sale by a rectifier as free of tax. They cannot legally be in that position without having been removed from the bonded warehouse upon the payment of the tax. It differs from the Case of the 508 Barrels only in that the spirits purport to be rectified spirits, removed from a bonded warehouse upon the payment of the tax, instead of being spirits removed for transportation upon bonds. It is conceded by the claimant, that the 45th section applies to both rectified and raw spirits; and as, in the Case of the 508 Barrels, which purported to have been removed on bonds, proof from the claimant of the giving of the bonds was required, so, in the case of spirits purporting to have been removed on payment of the tax, proof must be given that the tax was paid. The words, "requirements of law in regard to the same," as used in the 45th section, refer to the particulars specified previously in the section, as entailing a forfeiture, that is, removal from the bonded warehouse according to law and payment of the tax, where that is necessary to a removal in the manner in which these spirits purport to have been removed. It was earnestly contended, that such a construction of the law would require an impossibility and cause a total cessation of trade. The law so construed, if enforced with reasonable diligence, will undoubtedly hamper the trade in fraudulent spirits; but it is not seen that it will require impossibilities of persons who desire to obey the law. Care and caution will undoubtedly be required of rectifiers and of dealers, and trade in the article will not be wholly free from embarrassment. But such is the necessary effect of every revenue law.

This case being in the circuit court, and the question of law involved an important one,

I have thought it proper to submit this opinion to Mr. Justice NELSON, and am authorized to say that he concurs in the views here expressed. A verdict in favor of the government must, accordingly, be entered, condemning the goods.